**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| HEALTH & SUN RESEARCH, INC. D/B/A MILLENNIUM TANNING, Plaintiff, | ) | |
| v. | ) | CASE No: 8:09-cv-00822-VMC-TGW |
| NEW SUNSHINE, LLC and DESIGNER SKIN, LLC Defendants. | ) | |

**ANSWER BY DESIGNER SKIN LLC TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant Designer Skin LLC ("Designer Skin"), through its undersigned counsel, answers the Second Amended Complaint in this action as follows:

1. Defendant Designer Skin is without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies the allegation.

2. Admitted

3. Admitted.

4. Denied.

5. Admitted only that the complaint alleges such claims

6. Admitted with respect to Designer Skin, all other allegations are denied.

7. Admitted with respect to Designer Skin, all other allegations are denied.

8. Defendant Designer Skin is without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies the allegation.

9. Defendant Designer Skin is without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies the allegation.

10. Defendant Designer Skin is without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies the allegation.

11. Defendant Designer Skin is without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies the allegation.

12. Admitted that a registration certificate is attached as Exhibit A, all other allegations are denied.

13. Denied.

14. Admitted that attached Exhibit B is a photo, all other allegations are denied.

15. Admitted that Defendant Designer Skin is engaged in commerce offering indoor tanning lotion product, including a BLACK product, all other allegations are denied. It is specifically denied that Defendant New Sunshine LLC ("New Sunshine") is engaged in commerce in this judicial district and it is denied that New Sunshine offers tanning lotion products for sale.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied.

20. Denied.

21. Admitted only that Designer Skin profits directly from the sale of such products, and New Sunshine benefits only indirectly from the business success of its subsidiary, Designer Skin; all other allegations are denied.

22. Admitted that Designer Skin owns Registration No. 3,568,409 for the mark DESIGNER SKIN BLACK. Admitted that an image from Designer Skin's website is attached as Exhibit C to the Complaint; all other allegations are denied.

23. Admitted that Defendants do not have any permission, license or authority from Plaintiff; all other allegations are denied including a denial that Designer Skin's use of DESIGNER SKIN BLACK is confusingly similar to any rights held by Plaintiff and a denial that any permission, license or authority from Plaintiff is necessary.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

**COUNT I**

33. Designer Skin incorporates its prior responses with respect to Plaintiff's repetition of the allegations.

34. Denied.

35. Denied.

**COUNT II**

36. Designer Skin incorporates its prior responses with respect to Plaintiff's repetition of the allegations.

37. Denied.

**COUNT III**

38. Designer Skin incorporates its prior responses with respect to Plaintiff's repetition of the allegations.

39. Denied.

**COUNT IV**

40. Designer Skin incorporates its prior responses with respect to Plaintiff's repetition of the allegations.

41. Denied.

**COUNT V**

42. Designer Skin incorporates its prior responses with respect to Plaintiff's repetition of the allegations.

43. Admitted.

44. This allegation is duplicative of Paragraph 42, *supra*, and Defendants' repeat their response to Paragraph 42.

45. Admitted.

46. Admitted.

47. Admitted only that Scott D. Matthews, General Counsel for New Sunshine, wrote to Plaintiff on behalf of Designer Skin, a subsidiary of New Sunshine, and made the alleged assertions on behalf of Designer Skin; otherwise, the allegations of Paragraph 47 are denied.

48. Admitted that the letter of Exhibit E is on the letterhead of New Sunshine and that Scott Matthews wrote to Defendant on behalf of Designer Skin, identifying such function in the first sentence of that letter; otherwise, the allegations of Paragraph 48 are denied.

49. Denied that the letter of Exhibit E raises any case of actual controversy between Plaintiff and Defendant New Sunshine. Admitted that the letter of Exhibit E could raise a case of actual controversy between Plaintiff and Defendant Designer Skin under the Declaratory Judgment Act.

50. Denied.

51. Denied.

49. (Second occurrence). This is not allegation and does not require a response.

**AFFIRMATIVE AND OTHER DEFENSES**

52. Upon information and belief, Plaintiff has failed to continuously use the marks BLAQUE, BLAQUE HOT and PITCH BLAQUE in commerce and has abandoned or does not own any rights in such marks.

53. Designer Skin's use of its BLACK mark and its use of the registered mark DESIGNER SKIN BLACK are senior to Plaintiff's use of any mark using the spelling "BLACK" alone or in a combination.

54. Plaintiff's use of BLAQUE alone or in combination as a mark is weak and not distinctive.

55. Nowhere on any product sold by Plaintiff is there any use of any trademark in the form of "BLAQUE/BLACK", wherefore Plaintiff has no rights in the mark BLAQUE/BLACK.

56. Prior to January of 2008, Plaintiff had never commercially distributed any tanning product bearing any trademark incorporating the word BLACK, wherefore Plaintiff has no rights in any trademark bearing the term BLACK prior to that date.

57. Plaintiff's claim for equitable relief is barred by its own unclean hands, as it has infringed on the trademark and trade dress of Designer Skin's BLACK product.

58. Plaintiff's claim for equitable relief is barred by the doctrine of waiver, estoppel, and/or laches.

**FIRST COUNTERCLAIM**
**Federal Trademark and Trade Dress Infringement and Unfair Competition**

59. Designer Skin incorporates its prior responses and allegations as if fully set forth herein.

60. Designer Skin sells a tanning preparation that is marketed and known as BLACK.

61. Since its introduction in November 2007, Designer Skin's BLACK product has been widely popular with consumers.

62. Designer Skin's BLACK product has distinctive packaging and trade dress, features an opaque black bottle topped by metallic-appearing cap, such opaque black bottle featuring on its front in large font the dominant word "BLACK" generally proximate the widest portion of the front of that bottle, and such black bottle further incorporating light colored flecks that create the impression of stars in a dark sky.

63. Designer Skin has invested a significant amount of time and money in developing and marketing its BLACK product and packaging.

64. Designer Skin's BLACK product's trade dress has gained extensive consumer recognition and secondary meaning.

65. Plaintiff had neither marketed nor sold any tanning product incorporating any form of the trademark BLACK prior to 2008.

66. Plaintiff introduced its BEYOND BLACK product in February 2009.

67. Plaintiff's BEYOND BLACK product features an opaque black bottle topped by a metallic-appearing cap and featuring on its front, in large font, the dominant word "BLACK" generally proximate the widest portion of the front of the bottle, and such black bottle further incorporating light colored flecks that create the impression of stars in a dark sky. Plaintiff's BEYOND BLACK packaging and trade dress creates an overall impression that is confusingly similar to Designer Skin's BLACK product.

68. Plaintiff's BEYOND BLACK product name, packaging and marketing are intended to create in the mind of consumers an overall impression and association intended to evoke and benefit from the goodwill and reputation of Designer Skin's BLACK product.

69. Plaintiff's BEYOND BLACK product name, packaging and marketing is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Plaintiff with Defendant Designer Skin as to the origin, sponsorship, or approval of Plaintiffs BEYOND BLACK product.

70. Plaintiff's BEYOND BLACK product name, packaging and marketing infringe the trademark and trade dress rights of Designer Skin under 15 U.S.C. §§1114 & 1125(a).

71. On information and belief, Plaintiff has acted willfully, intentionally and deliberately in derogation of Designer Skin's rights in such infringement of Designer Skin's trademark and trade dress rights.

72. Plaintiff's manufacture, distribution, marketing and sale of its BEYOND BLACK as it is currently packaged and marketed constitutes unfair competition with Designer Skin under the Lanham Act, 15 U.S.C. §1125(a).

**SECOND COUNTERCLAIM**
**Common Law Unfair Competition**

73. Designer Skin repeats the above as if fully set forth herein.

74. The acts of Plaintiff complained of herein constitute unfair competition in violation of the common law of this state.

WHEREFORE, Designer Skin prays that:

A. Plaintiff take no relief from its Complaint, as prayed for or otherwise;

B. Plaintiff’s Complaint be dismissed and Plaintiff be ordered to pay the costs, charges and disbursements, including reasonable attorneys’ fees, incurred in the defense of this action;

C. The Court find that Plaintiff has committed trade dress infringement and Unfair Competition against Designer Skin under 15 U.S.C. §1125(a) and the common law;

D. The Court find that Plaintiff has committed trademark infringement against Designer Skin under 15 U.S.C. § 1114, et seq. and the common law.

E. The Court enter a permanent injunction, enjoining and restraining the Plaintiff from any use of the mark BEYOND BLACK and packaging in a manner that infringes Designer Skin’s trademark and trade dress;

F. That Designer Skin have a judgment for such damages as this Court finds the Defendant has sustained by reason of the Plaintiff’s acts;

G. That Designer Skin has a judgment for costs, including a reasonable attorney's fee incurred in the prosecution of the Defendant's counterclaims and such other and further relief as equity may require or to this Court may seem meet and proper.

**REQUEST FOR JURY TRIAL**

75. Designer Skin requests a trial by jury on its counterclaims.

Date: 8/24/2009

Respectfully submitted,
/s/ C. Douglas McDonald__________

C. Douglas McDonald
Florida Bar No. 296538
Christopher Sacco
Florida Bar No. 557420
Carlton Fields, P.A.
P.O. Box 3239
Tampa, Florida 33601-3239
813-223-7000
Fax: 813-229-4133
dmcdonald@carltonfields.com
Counsel for Designer Skin, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 24th day of August 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Harvey S. Kauget, harvey.kauget@phelps.com
Eric R. Pellenbarg, eric.pellenbarg@phelps.com
Olivia A. Weisman, olivia.weisman@phelps.com

_/s/ C. Douglas McDonald____________